# EXHIBIT A

FILED

04/20/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2022

## CLAY COUNTY ET AL. v. PURDUE PHARMA L.P. ET AL.

**Appeal from the Circuit Court for Cumberland County**
**No. CCI-2018-CV-6347    Jonathan L. Young, Judge**

_____

**No. E2022-00349-COA-T10B-CV**

_____

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court following the denial of a motion that sought the disqualification of the trial court judge. As explained herein, because we conclude that concerns contributing to an appearance of partiality necessitate the trial judge's recusal, we reverse. In addition, we vacate an order on substantive matters that was signed by the trial judge while the recusal motion was pending.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Reversed in Part, Vacated in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Kristine L. Roberts, Memphis, Tennessee, Brigid M. Carpenter, Nashville, Tennessee, and Ronald S. Range, Jr., and Chad E. Wallace, Johnson City, Tennessee, for the appellants, Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc.

James G. Stranch, III, J. Gerard Stranch, IV, Tricia A. Herzfeld, Benjamin A. Gastel, and Anthony Orlandi, Nashville, Tennessee, and Henry D. Fincher, Cookeville, Tennessee, for the appellees, City of Algood, Tennessee, City of Clifton, Tennessee, City of Columbia, City of Cookeville, City of Crossville, Tennessee, City of Fayetteville, City of LaVergne, Tennessee, City of Lewisburg, Tennessee, City of Mount Pleasant, Tennessee, City of Murfreesboro, Tennessee, City of Smithville, Tennessee, City of Sparta, Tennessee, City of Spencer, Tennessee, City of Spring Hill, Tennessee, Clay County, Tennessee, Cumberland County, Tennessee, DeKalb County, Tennessee, Baby Doe, Giles County, Tennessee, Marshall County, Tennessee, Pickett County, Tennessee, Putnam County, Tennessee, Town of Alexandria, Tennessee, Town of Baxter, Tennessee, Town of Centertown, Tennessee, Town of Cornersville, Tennessee, Van Buren County, Tennessee, Warren County, Tennessee, Wayne County, Tennessee, and White County, Tennessee.

Timothy L. Warnock and Stuart A. Burkhalter, Nashville, Tennessee, for the appellee, Teva Pharmaceuticals USA, Inc.

Roger W. Dickson and Kyle W. Eiselstein, Chattanooga, Tennessee, for the appellee, AmerisourceBergen Drug Corporation.

Lela M. Hollabaugh, Nashville, Tennessee, for the appellee, Cardinal Health, Inc.

Larry H. Montgomery and Jeremy G. Alpert, Memphis, Tennessee, for the appellees, Rite Aid Headquarters Corporation, Rite Aid of Tennessee, Inc., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.

Matthew J. Evans, Kelley Strange, and Paige Coleman, Knoxville, Tennessee, for the appellee, Walgreens Company.

Nathan Bicks, Memphis, Tennessee, for the appellees, CVS Pharmacy, Inc., CVS TN Distribution, L.L.C., CVS Indiana, L.L.C., Tennessee CVS Pharmacy, L.L.C.

Ronald S. Range, Jr., and Chad E. Wallace, Johnson City, Tennessee, and Brigid M. Carpenter, Nashville, Tennessee, for the appellees, Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.

John-David H. Thomas, Nashville, Tennessee, and Jeffrey C. Smith, Germantown, Tennessee, for the appellee, McKesson Corporation.

## OPINION

## BACKGROUND

The matter pending before this Court is an accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B. According to the materials submitted in connection with this matter, the underlying litigation involves claims against manufacturers of prescription opioid medications, including the petitioners in this appeal, Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("the Endo Defendants"). The Endo Defendants' concern over the trial judge's ability to impartially preside over this case manifested in the wake of a February 10, 2022, hearing before the court on a motion for discovery sanctions.

The trial judge stated during the February 10 hearing that he would hold the Endo Defendants in default and that their former counsel "might be going to jail with or without their toothbrush" "if they had . . . show[n] up" at the hearing. Following the February 10

hearing, the trial judge gave an interview to a Law360.com[1] reporter, and the interview formed the basis for an article that appeared on the website on February 14, 2022. Per the article, the trial judge is quoted as saying, among other things, that the alleged discovery violations by the Endo Defendants were "the worst case of document hiding that I've ever seen. It was like a plot out of a John Grisham movie, except that it was even worse than what he could dream up." Subsequently, on February 15, 2022, the trial judge posted on his personal Facebook page about the apparent lack of local media coverage in this case, stating, "Why is it that national news outlets are contacting my office about a case I preside over and the local news is not interested." Screenshots of the trial judge's Facebook page reveal that the page appears to be devoted in part to a re-election effort given a "Re-Elect" picture banner next to his name.

In addition to the general comment regarding the apparent lack of local media coverage of this case, the trial judge's Facebook activity evidenced several other communications by the judge relative to his Facebook post and the case. After one commenter stated that "You're not trying to ban drunken bridesmaids on peddle carts," the trial judge responded, "[N]ope. Opioids." The commenter then followed up by stating, "I don't know if you're going to get the help or platform you need from those with power/deep pockets. Many of Tennessee's powerful have ties to pharmaceuticals." The trial judge specifically "liked"[2] this comment.

When another commenter inquired into whether the trial judge could say why the case was newsworthy, the judge responded, "Is a $1.2 Billion opioid case. Our area has been rocked with that drug for decades. Lots of interesting and new developments about the manufacturers in this case." Other commenters added a number of statements opining on who should be held accountable, following which one person commented, "We do not have a serious local news reporting outfit around here. . . . The Tennessean is a left leaning rag so that leaves the internet to provide people the local 'news.'" The trial judge "liked" this post and responded that "[t]his is an earth shattering case, especially for our community. Fake news is not always what they publish, but what they choose not too also."[3]

The Endo Defendants took issue with the above communications and the trial judge's participation in the Law360.com article, among other things,[4] and accordingly requested that the trial judge recuse himself from the case. Notably, prior to ruling on the request for recusal, the trial judge signed an order ruling on the sanctions matter that had

---

[1] Law360.com is an online legal news website owned by LexisNexis.

[2] The "like" button is a feature that allows Facebook users to express "approval of certain content," Thaddeus Hoffmeister, *"Liking" the Social Media Revolution*, 17 SMU Sci. & Tech. L. Rev. 507, 508 (2014), and is represented by a thumps-up icon. *Bland v. Roberts*, 730 F.3d 368, 385 (4th Cir. 2013).

[3] The posts and comments objected to by the Endo Defendants have reportedly since been removed.

[4] The Endo Defendants also took issue with the trial judge's campaign website which stated that the judge "has cracked down severely on those involved in narcotics."

been the subject of the February 10 hearing.  The trial judge then signed an order denying the Endo Defendants' request for recusal.  The order denying the Endo Defendants' motion to disqualify actually incorporated by reference the order on sanctions.

The present appeal ensued when the Endo Defendants filed a petition for recusal appeal in this Court.  Within their petition, the Endo Defendants stated that the trial judge's "order [denying recusal], when combined with his previous expressions of apparent bias, was so egregious that it prompted an additional motion for disqualification by several non-Endo defendants."  Upon receiving the Endo Defendants' petition in connection with this appeal, we entered an order that stayed the trial court proceedings and directed that the other parties in this case file answers to the petition.  *See* Tenn. Sup. Ct. R. 10B, § 2.04 (providing that "the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal"); Tenn. Sup. Ct. R. 10B, § 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed but that "[o]therwise, the appellate court shall order that an answer to the petition be filed by the other parties").  Answers having since been filed,[5] we proceed to adjudicate this appeal without oral argument or further briefing.  *See* Tenn. Sup. Ct. R. 10B, § 2.05 (giving the appellate court discretion as to whether additional briefing is needed); Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

## DISCUSSION

The general principles undergirding recusal issues are well settled:

> "The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]"  Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning

---

[5] In addition to receiving answers, we received a "reply" from the Endo Defendants, which was filed with leave of this Court.

the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

*Hawthorne v. Morgan & Morgan Nashville PLLC*, No. W2020-01495-COA-T10B-CV, 2020 WL 7395918, at \*2 (Tenn. Ct. App. Dec. 17, 2020). On appeal, we review the trial court's action in ruling on a motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

Although the Plaintiffs oppose the Endo Defendants' recusal request on substantive grounds, they also take issue with[6] the Endo Defendants' failure to affirmatively state in their recusal motion that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. Sup. Ct. R. 10B, § 1.01. No doubt, the omission of such a statement has been deemed in some cases to result in a waiver of recusal issues on appeal, particularly when paired with other defects in connection with Rule 10B. *See, e.g.*, *Hobbs Purnell Oil Co., Inc. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at \*14–15 (Tenn. Ct. App. Jan. 12, 2017). Nevertheless, we have also proceeded to consider appeals on their merits in certain circumstances despite the absence of the required affirmative statement from Rule 10B. *See, e.g., Dougherty v. Dougherty*, No. W2020-00284-COA-T10B-CV, 2020 WL 1189096, at \*1 n.1 (Tenn. Ct. App. Mar. 12, 2020) (explaining that the trial judge had noted the absence of the required statement but proceeding with the appeal just "as the Trial Court decided the motion on its merits").

Here, we are of the opinion that proceeding to consider the merits of the recusal issue is appropriate. First, we observe that no issue appears to have been raised in the trial court about the Rule 10B affirmative statement requirement. Indeed, the response submitted by the Plaintiffs in the trial court contained argument about the merits of the disqualification request, but it did not take umbrage at the fact that the Endo Defendants did not include the affirmative statement from Rule 10B in their trial court submission. As this Court has explained before, "with the discretion to consider . . . procedural deficiencies raised . . . for the first time [on appeal] . . . comes the concomitant discretion to waive the deficiencies in order to reach the merits of [the] . . . motion as considered by the Trial

---

[6] An objection is also raised as to the Endo Defendants' alleged lack of compliance with Tenn. Sup. Ct. R. 10B, § 2.03. That rule requires the petition for recusal appeal to be "accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Here, the Plaintiffs take issue with, among other things, that certain of Plaintiffs' exhibits from the trial court were not submitted by the Endo Defendants on appeal. The Endo Defendants have argued in response that "Plaintiffs do not cite any authority requiring a petitioner to include exhibits submitted by the opponent in response to its disqualification motion" but that, "[i]n any event . . . Plaintiffs . . . in fact did . . . submit . . . materials they believe are necessary to resolution of this appeal." We agree with the Endo Defendants that all the materials necessary for resolution of the recusal issue are before us.

Judge."  *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *12 n.8 (Tenn. Ct. App. Oct. 19, 2018).

Second, and more importantly, there does not appear to us to be any attempt at harassment or abuse of the judicial system in connection with the Endo Defendants' request for recusal under the facts of this case.  To this end, we observe that the Endo Defendants' trial court filing reflected forethought and an attempt to predicate the trial judge's disqualification on relevant legal principles.  Among other things, the Endo Defendants represented that they "do[] not bring this motion lightly" but did so having "no alternative," statements they now attempt to attribute as establishing functional compliance with the required affirmative statement from Rule 10B.  Although without question the Endo Defendants failed to strictly comply with the dictates of Rule 10B, we certainly agree with them that their motion was animated by a proper purpose, a point our merits discussion below will make clear.  Therefore, given all of the above, including the fact that no objection was raised by the Plaintiffs relative to the affirmative statement issue in the trial court, we proceed to address the merits of the matter before us.

As indicated earlier in this Opinion, preserving the public's confidence in the judiciary requires much more than ensuring actual impartiality; the *perception* of impartiality is also important.  *See Hawthorne*, 2020 WL 7395918, at *2.  Indeed, "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001).  Thus, if a judge's impartiality might reasonably be questioned, the motion to recuse should be granted.  *Id.* In this case, it is clear to us that a reasonable basis for questioning the trial judge's impartiality exists.  Particularly noteworthy here in our view is the trial judge's engagement on Facebook concerning this litigation, activity that occurred after the trial judge had given the aforementioned interview to Law360.com concerning the case.  In relevant part, we specifically highlight the following points from the trial judge's Facebook account which we have previously referenced:

1.  When one commenter stated that "You're not trying to ban drunken bridesmaids on peddle carts," the trial judge responded, "[N]ope.  Opioids."
2.  The commenter then followed up by stating, "I don't know if you're going to get the help or platform you need from those with power/deep pockets.  Many of Tennessee's powerful have ties to pharmaceuticals," and the trial judge specifically "liked" this comment.

The above Facebook activity can reasonably be construed to suggest that the trial judge has a specific agenda that is antagonistic to the interests of those in the pharmaceutical industry. Indeed, although the Plaintiffs protest the significance of the first response highlighted above by pointing to prior comments by the trial judge that are more nuanced and by accusing the Endo Defendants of "cherry picking" and "decontextualizing" quotes, the trial judge's post clearly appears to signal support for banning opioids on its face.  Then, relative

- 6 -

to the follow-up comment expressing skepticism as to whether the judge's efforts in this regard could be frustrated because of the ties "Tennessee's powerful" have "to pharmaceuticals," the trial judge signaled apparent agreement when he "liked" the comment. In our view, this activity by the trial judge positions himself publicly as an interested community advocate and voice for change in the larger societal controversy over opioids, not an impartial adjudicator presiding over litigation. This perception is enhanced when considered alongside the trial judge's ready participation in the Law360.com article and apparent desire, as expressed on his Facebook page, for more local media coverage. The trial judge appears to us to be motivated to garner interest in this case and draw attention to his stated opposition to opioids[7] within a community that he noted had been "rocked with that drug." Regardless of the specific motivation, however, it is clear here to us that the trial judge's comments and social media activity about this case are easily construable as indicating partiality against entities such as the Endo Defendants. For this reason, and to promote confidence in our judiciary, we conclude that the trial judge erred in refusing to recuse himself from the case. We therefore reverse the trial court's order denying the Endo Defendants' motion for recusal and remand the case to the Presiding Judge of the Thirteenth Judicial District for transfer to a different judge.

In connection with our decision in this matter, we note again that the trial judge signed an order on the sanctions matter against the Endo Defendants prior to adjudicating the pending motion for recusal and did so without finding good cause to do so. *See* Tenn. Sup. Ct. R. 10B, § 1.02 ("While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken."). In this circumstance and in light of our conclusion that the trial judge should have recused himself, we hold that the order on sanctions against the Endo Defendants, which had been incorporated into the order on recusal, should be vacated. *See State v. Coleman*, No. M2017-00264-CCA-R3-CD, 2018 WL 1684365, at *9 (Tenn. Crim. App. Apr. 6, 2018) (cautioning against intertwining rulings on recusal and substantive issues and noting that "[w]hen a trial court ignores a pending motion to recuse and enters further orders in a case without making a finding of good cause as dictated by Rule 10B section 1.02, the orders entered during the pendency of the motion to recuse may be vacated on appeal"); *Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *1, 8 (Tenn. Ct. App. May 28, 2015) (affirming denial of motion for recusal but nonetheless vacating order entered while recusal motion was pending).

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[7] Again, although the Plaintiffs endeavor to suggest that no such agenda is evidenced by the trial judge's Facebook activity, this is flatly belied by the Facebook activity we have highlighted. Whether or not the trial judge is actually personally committed to banning opioids, his public post reflects this sentiment.